**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LIBERTY BLANTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-163-JFH-DES |
| | ) | |
| DJ LONG, in his official capacity as Sheriff of | ) | |
| Carter County, Oklahoma, | ) | |
| JUSTIN JAMAL JOHNSON, and | ) | |
| SHELBY WHEELER, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDAITON**

This matter comes before the Court on Defendant, DJ Long, in his official capacity as Sheriff of Carter County's ("Defendant Long") Motion to Dismiss Plaintiff's claims against him and Carter County, Oklahoma pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 33). On June 10, 2025, United States District Judge Ronald A. White referred this case to the undersigned Magistrate Judge for all proceedings, including dispositive motions, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. (Docket No. 25). On February 9, 2026, this case was reassigned to United States District John F. Heil, III. (Docket No. 40). For the reasons set forth below, the undersigned Magistrate Judge Recommends Defendant's Motion to Dismiss be DENIED in part and GRANTED in part.

**I.    Background**

This case arises out of a series of sexual assaults committed against Liberty Blanton ("Plaintiff") by former Carter County Jail ("the Jail") detention officer Justin Jamal Johnson ("Defendant Johnson"), as assisted by detention officer Shelby Wheeler ("Defendant Wheeler"). (Docket No. 28). Plaintiff alleges that in June 2024, while incarcerated at the Jail, Defendant

1

Johnson sexually assaulted her on at least three (3) separate occasions with the assistance of Defendant Wheeler. (Docket. No. 28 at 6-8).  Plaintiff reported Defendant Johnson's conduct but was largely ignored by the Jail. *Id.* at 8. After receiving additional complaints from other inmates, the Jail initiated an investigation into Johnson.[1] *Id.* On March 24, 2025, Plaintiff filed a Petition in Carter County District Court. *See Blanton v. Johnson*, et al., Carter County District Court Case No. CJ-25-90. The Defendants removed the action to this Court on May 15, 2025 (Docket No. 2) and filed several Motions to Dismiss (Docket Nos. 18, 21, 22). On June 12, 2025, Plaintiff filed an Amended Complaint asserting several claims against Defendant Johnson, Defendant Wheeler, and the Carter County Sheriff's Office ("CCSO"). (Docket. No. 28.) For the purposes of this Motion, the allegations against Defendant Long/CCSO are violation of 42 U.S.C. §1983 under *Monell*/Municipal Liability and violation of Article II §§ 30, 9 and 7 of the Constitution of the State of Oklahoma.

## I.      Analysis

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Courts would generally embrace a liberal construction of this pleading requirement and allow complaints containing only conclusory allegations to move forward unless factual impossibility was apparent from the face of the pleadings. *Robbins v. Oklahoma* 519 F.3d 1242, 1246 (10th Cir. 2008). However, the United States Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), announced a new standard and held that to withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim in which relief is plausible on its face. *Id* at 570. This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must

---

[1] On July 26, 2024, Defendant Johnson was charged with one count of "1st or 2nd degree rape" in Carter County District Court. (Docket. No. 35-1).

2

"give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Id.* at 555 (quotation omitted). Therefore, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins,* 519 F. 3d at 1247. Courts are to construe the allegations of a complaint in a light most favorable to the Plaintiff; however, "the court will not read causes of action into the complaint which are not alleged." *Arnold v. City of Tulsa, Oklahoma*, No. 09CV811, 2010 WL 3860647, at *3 (N.D. Okla. Sept. 30, 2010) (quotation omitted).

It is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability – "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Instead, a plaintiff must state enough facts to nudge his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A complaint is 'plausible on its face' if its factual allegations allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1309 (10th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678).

### a.   42 U.S.C. § 1983 Claim

Plaintiff's first cause of action under 42 U.S.C. § 1983 is asserted against Defendant Long in his official capacity as Sheriff of Carter County. Therefore, it is considered the same as a claim against Carter County. *Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009). However, Carter County cannot be held liable under § 1983 based upon the doctrine of respondeat superior or vicarious liability. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978). In *Monell*, the Supreme Court held that a governmental entity is only liable under § 1983 when the constitutional injury can fairly be said to have been caused by that entity's own policies and customs. *Id.* at 694. The actions of the governmental entity must be the moving force behind the

3

constitutional violation, *id.*, and governmental liability for a constitutional violation "attaches where - and only where - the entity makes a deliberate choice to follow a course of action from among various alternatives." *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986). *Monell* requires Plaintiff to establish that a policy or custom of the Carter County Jail exists and that it caused the alleged constitutional violations. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821-22 (1985).

It is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 408 (1997). The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. *Id*. Furthermore, "[w]here a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Id*. at 405.

Defendant Long asserts that Plaintiff's Amended Complaint "is devoid of any specific allegations of fact indicating that the alleged violations of Plaintiff's constitutional rights were caused by any policy, practice, or custom of the Carter County Jail." (Docket No. 33 at 6). The undersigned Magistrate Judge does not agree. Plaintiff's Amended Complaint identifies crimes committed in the Carter County Jail as a result of the CCSO's failure to follow its own policy of not hiring individuals with prior domestic abuse allegations, failure to supervise new and inexperienced employees, and essentially allowing a culture of "anything-goes" to flourish due to lack of supervision and accountability in the Jail. (*See* Docket No. 28 at 10-12).

Defendant Long further argues that Plaintiff's Amended Complaint is devoid of any specific facts indicating that the policymaker was deliberately indifferent. (Docket No. 33 at 6). This again is not case. The Amended Complaint is rife with factual allegations showing CCSO's

4

deliberate indifference to the safety and welfare of the Plaintiff including, that "in of June 2024 alone, three (3) different Jail employees were alleged to have sexually assaulted, harassed, and/or abused inmates at the Jail." (Docket No. 28 at 12). Furthermore, "in October 2023, Michael Hamilton, a former Jail employee, was charged with a felony count of 'indecent exhibition' due to his conduct towards a female inmate at the Jail. *See State v. Hamilton,* Carter County District Court Case No. CF-2023-386." *Id.*  Despite the fact that Oklahoma Jail standards require CCSO to have policies and procedures regarding "the supervision of female prisoners by male staff including having a female staff available for sensitive functions and not allowing a staff member to enter a cell without backup and having sufficient staff to maintain safety of the inmates," Plaintiff sufficiently "alleged that CCSO ignored these mandates and requirements by failing to supervise its staff to ensure that it was abiding by these requirements." (Docket No. 38 at 12, citing Docket No. 28 at 10-13). "The knowing failure to enforce policies necessary to the safety of inmates may rise to the level of deliberate indifference." *Tafoya v. Salazar,* 516 F.3d 912, 919 (10th Cir. 2008) (citing *LaMarca v. Turner*, 995 F.2d 1526, 1536 (11th Cir.1993) (finding deliberate indifference where prison official "failed to ensure that his direct subordinates followed the policies he established").

Finally, Defendant Long argues that Plaintiff failed to state a plausible claim under § 1983 regarding lack of adequate training. (Docket No. 33 at 7). In her Response, Plaintiff notes that she is not proceeding on her failure to train theory of liability in light of recent case law. (Docket No. 38 at 10 no. 4). Thus, the undersigned Magistrate Judge will not analyze that matter further.

In viewing Plaintiff's allegation as true and construing the allegations most favorably to her, Plaintiff has plead sufficient facts to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged as required under *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). Accordingly, the undersigned Magistrate Judge recommends Defendant Long's Motion to Dismiss be DENIED.

### b. Oklahoma Constitutional Claims

As for the state law claims Plaintiff alleges against Defendant Long, Plaintiff concedes that Defendant Long and CCSO cannot be liable for the violation of the Oklahoma Constitution under the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151, et seq, pursuant to *Barrios v. Haskell Cnty. Pub. Facilities Auth.*, 432 P.3d 233, 238 (Okla. 2018) (upholding the Oklahoma Legislature's intent that "the GTCA applies even to tort suits alleging violations of constitutional rights."). Accordingly, the undersigned Magistrate Judge recommends Defendant Long's Motion to Dismiss the state law claims be GRANTED.

## II.     Conclusion

For the reasons set forth above, viewing the Amended Complaint in the light most favorable to Plaintiff, the undersigned Magistrate Judge finds that Plaintiff has alleged sufficient factual content to state a plausible claim for municipal liability under 42 U.S.C. § 1983 against Defendant Long in his official capacity. Plaintiff's allegations of deficiencies in hiring practices, supervision, and enforcement of inmate safety policies, as well as a pattern of similar misconduct, are sufficient at this stage to support a reasonable inference that the Defendant is liable for the misconduct alleged. Therefore, the undersigned Magistrate Judge recommends that Defendant Long's Motion to Dismiss be DENIED as to Plaintiff's § 1983 claim. However, in light of Plaintiff's concession and controlling authority under the Oklahoma Governmental Tort Claims Act, the undersigned Magistrate Judge further recommends that Defendant Long's Motion to Dismiss be GRANTED as to Plaintiff's state law claims.

Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 30th day of March, 2026.

_____

D. Edward Snow
United States Magistrate Judge